stay of removal in this petition is DIS-MISSED as moot.

**Mikel SPAHI, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

**No. 07–0317–ag.**

United States Court of Appeals, Second Circuit.

Sept. 13, 2007.

Saul C. Brown, New York, NY, for Petitioner.

Peter D. Keisler, Asst. Atty. General; Linda S. Wernery, Asst. Director; Thankful T. Vanderstar, Trial Atty., Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. B.D. PARKER and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Mikel Spahi, a native and citizen of Albania, seeks review of a January 5, 2007 order of the BIA affirming the December 7, 2005 decision of Immigration Judge ("IJ") Matthew J. D'Angelo, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mikel Spahi,* No. A79 436 587 (B.I.A. Jan. 5, 2007), *aff'g* No. A79 436 587 (Immig. Ct. Hartford Dec. 7, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, although Spahi is challenging the denial of relief in an "asylum-only" proceeding, as opposed to an actual removal order, we nonetheless have jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS,* 448 F.3d 129, 134 (2d Cir.2006). When the BIA does not adopt the decision of the IJ to any extent, we review only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005); *Jin Yu Lin v. U.S. Dep't of Justice,* 413 F.3d 188, 191 n. 4 (2d Cir.2005). Here, the BIA found that

it did not need to reach the IJ's adverse credibility finding as it found that Spahi had failed to establish that he had been persecuted or had a well-founded fear of persecution on account of a protected ground under the Act. Accordingly, the only issue before us is whether the BIA erred in finding that Spahi, presumed to be credible, did not meet his burden of proof. *Cf. Yan Chen v. Gonzales,* 417 F.3d 268, 271–72 (2d Cir.2005) (assuming, without determining, an applicant's credibility for purposes of reviewing the BIA's decision).

█ We find no error in the BIA's conclusion that Spahi did not establish that he had suffered past persecution. The BIA has defined persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta,* 19 I. & N. Dec. 211, 216 (BIA 1985). We have clarified that a valid past persecution claim can be based on harm other than threats to life or freedom, including non-life-threatening violence and physical abuse. *Beskovic v. Gonzales,* 467 F.3d 223, 226 n. 3 (2d Cir.2006) (citing *Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004)). In order to constitute persecution, the alleged harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006).

In ruling that Spahi failed to meet his burden of proving eligibility for asylum, the BIA reasonably concluded that, accepting Spahi's testimony as believable, the problems he experienced did not amount to persecution. Spahi first asserted that at the age of six, a neighbor's child jabbed him in the eye with a pen causing him to bleed.[1] Spahi alleged that his attacker's parents encouraged the assault because Spahi's family was "persecuted." Next, he

---

1. Spahi did not mention this incident in his original asylum application, and in an affidavit submitted to the agency, he asserted that he had been stabbed in the face near his eye.

claimed that approximately five years later, a group of teenage boys pushed him into a fence, cutting his leg. He heard the boys state that Spahi's father was "persecuted" and that he was from a democratic family.

The BIA reasonably concluded that Spahi failed to establish that he was targeted on account of a protected ground, where his vague testimony merely provided "that he and his family were 'persecuted,' and targeted for having 'the stain' or being 'real democrats' by 'corrupt' fellow citizens." Based on the record, it is possible to find that Spahi's testimony, assumed to be credible, provided circumstantial evidence that those who sought to harm him were at least partially motivated by his membership in his family and his family's political opinion. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005). However, because of the vagueness of Spahi's testimony regarding the motivations of his child persecutors, the record would not compel any reasonable adjudicator to find, contrary to the agency, that Spahi was persecuted on account of a protected ground. *See* 8 U.S.C. § 1252(b)(4)(B); *cf. Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 151 (2d Cir.2003) (discussing that credible testimony may be too vague to establish refugee status), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 304–05 (2d Cir.2007); *I.N.S. v. Elias–Zacarias,* 502 U.S. 478, 481, n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (recognizing that the mere plausibility of a different outcome is not sufficient to justify reversal).

The BIA reasonably concluded that Spahi had failed to provide any evidence that he would be at any particular risk of persecution if removed to Albania, noting that Spahi's grandparents currently live in Albania without harm, *see Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, claim of well-founded fear was diminished), and that Spahi's testimony indicated that he could safely relocate within the country. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B); *see also Surinder Singh v. BIA,* 435 F.3d 216, 219 (2d Cir.2006). Finally, the BIA properly acknowledged that conditions in Albania have changed such that it could not "assume that the current government is unable or unwilling to stop attacks against [Spahi] simply because a former Democratic Party-controlled government allegedly did not protect [him] back in the early-to-mid 1990s." Accordingly, we will not disturb the agency's denial of asylum. *See Hoxhallari v. Gonzales,* 468 F.3d 179, 187–88 (2d Cir.2006).

As Spahi was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS,* 947 F.2d 660, 665 (2d Cir.1991). Finally, as Spahi failed to present any argument addressing the BIA's denial of CAT relief, we deem any such argument waived. *See Yueqing Zhang,* 426 F.3d at 541 n. 1, 545 n. 7.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).